OPINION
Defendant-appellant, William J. Hickman, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950. Defendant assigns a single error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR.
Because the trial court's determination that defendant is a sexual predator is supported by clear and convincing evidence in the record, we affirm the judgment of the trial court.
In an indictment filed in 1972, defendant was charged with five counts of rape, two counts of burglary, one count of armed robbery, and one count of abduction for immoral purposes. The charged rapes involved five different women, apparently college age, over an eight-month period in 1972. On April 11, 1973, defendant entered guilty pleas to two counts of rape, one count of burglary, and one count of abduction; the rapes and abduction involved three different victims. The state dismissed the remaining counts. The trial court sentenced defendant to concurrent terms of three to twenty years on each of the rape counts to be served consecutively to concurrent terms of five to thirty years on the burglary and abduction offenses, for a total sentence of eight to fifty years of imprisonment.
Defendant was released on parole in October 1980, but he returned to prison in June 1981 when his parole was revoked because he urinated on a car occupied by a female. Defendant again was released on parole in 1984 but returned to prison in 1985 for a parole violation because he exposed himself to two women and inappropriately grabbed one of them. Defendant has remained in prison since 1985.
On June 18, 2001, the trial court conducted a hearing under former R.C. 2950.09(C)(2)(b) to determine if defendant is a sexual predator by clear and convincing evidence. By stipulation, the state introduced certified copies of four documents as evidence: defendant's 1972 indictment, defendant's 1973 entry of a guilty plea, the 1973 sentencing entry, and defendant's prison records from the Ohio Department of Rehabilitation and Correction. The prison records include a pre-parole clinical risk assessment report of defendant dated April 13, 1999, and four psychological evaluations of defendant performed between 1979 and 1993. In turn, defendant introduced documents showing his successful completion in April 1991 of a baccalaureate degree from Ohio University, his participation in a post-traumatic stress disorder treatment program from 1995 to 1999, and his successful completion in 1987 of the Polaris Program for sexual offenders. After examining the evidence in light of the statutory factors set forth in former R.C. 2950.09(B)(2), the trial court found clear and convincing evidence that defendant is a sexual predator.
On appeal, defendant contends the trial court's sexual predator finding ignored key factors, such as defendant's "advanced" age at the time of the hearing and his completion of an intensive sexual offender treatment program.
Pursuant to former R.C. 2950.01(E), a "'[s]exual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Defendant does not dispute that sexually oriented offenses are involved in this case. Under former R.C.2950.09(C)(2)(b), a court "shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section." See State v. DeGroat (Sept. 6, 2001), Franklin App. No. 00AP-1485, unreported (noting the court need not consider all the factors and may weigh the factors as it chooses).
In examining the factors set forth in former R.C. 2950.09(B)(2), we note that defendant was born on March 23, 1949, and thus was twenty-two to twenty-three years of age at the time of the offenses and fifty-two years old at the time of the hearing. We disagree with defendant's assessment that age fifty-two is an "advanced year." R.C. 2950.09(B)(2)(a). Defendant has a juvenile history of sexually oriented offenses and a prior conviction for assault based on domestic violence. Additionally, although defendant was twice released on parole, he twice violated the parole for behavior characterized as "sexually acting out." R.C.2950.09(B)(2)(b). The sexually oriented offenses for which defendant was convicted involved multiple victims, all of whom the record suggests were college age. R.C. 2950.09(B)(2)(c) and (d). Although defendant did not use alcohol or drugs to commit the offenses, defendant admitted during an evaluation that his victims were in vulnerable positions of which he took advantage. Cf. R.C. 2950.09(B)(2)(e).
The psychological evaluations of defendant indicate he is not mentally ill; however, the evaluations diagnose defendant with a personality disorder and note defendant's sexual sadism and ingrained sexual addiction that need extensive treatment. R.C. 2950.09(B)(2)(g). During an evaluation, defendant stated that he stalked several of the victims and committed the crimes over a period of months, thus demonstrating a pattern of sexual abuse. R.C. 2950.09(B)(2)(h). In his most recent assessment, defendant admitted that he enjoyed instilling fear in his victims and threatened each victim with a gun, thus displaying cruelty. R.C. 2950.09(B)(2)(i).
Most significantly, the pre-parole clinical risk assessment report dated April 13, 1999, concludes that defendant:
 [P]resents a number of risk factors associated with sexual re-offending. *** He has been diagnosed as a Personality Disorder with Narcissistic Features in previous evaluations. *** Inmate Hickman displays a pattern which places him into a group of offenders who represent an increased risk for sexual re-offending. With the passage of time out of incarceration, the risk of re-offending tends to increase. (Report, 2.)
Defendant points to his participation in the Polaris Program for sexual offenders in 1987 as a reason he should not be declared a sexual predator. While defendant's participation in the sexual offender treatment program in 1987 is commendable, it does not negate the other sufficient evidence supporting the trial court's finding defendant to be a sexual predator. State v. Golden (July 17, 2001), Franklin App. No. 00AP-1247, unreported; State v. Jones (June 13, 2000), Franklin App. No. 99AP-902, unreported; State v. Sturgill (May 4, 1999), Franklin App. No. 98AP-979, unreported. Moreover, although an examiner in 1993 noted that defendant's sexual addiction is an ingrained condition requiring extensive treatment, defendant declined to participate in an additional sexual offender treatment program offered in 1993.
Given the foregoing, the record contains sufficient clear and convincing evidence to support the trial court's finding of defendant as a sexual predator under R.C. 2950.09(B)(2). Accordingly, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS and PETREE, JJ., concur.